**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-25268-RAR**

**ARACHELY BADA PANDO**, *et al.,*
*individually and on behalf of all others*
*similarly situated,*

      Plaintiff,

v.

**KRISTI NOEM**, *in her official*
*Capacity as Secretary of Homeland*
*Security*, *et al.,*

      Defendants.

_____/

## <u>ORDER STAYING CASE</u>

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record.  On November 13, 2025, Plaintiffs filed their Complaint, [ECF No. 1].  Attached thereto is a Civil Cover Sheet, [ECF No. 1-1], notifying the Court of a related case, pending in this district:  *Bello-Rubio v. Noem*, No. 25-cv-23665 (S.D. Fla. 2025).  And the Court understands that there are at least six other pending related actions ("Related Actions") in this district filed before this case, some of which are pending before this Court:  *Echazabal-Verdecia v. Noem*, No. 25-cv-22335 (S.D. Fla. 2025); *Fernandez-Ramos v. Noem*, No. 25-cv-22674 (S.D. Fla. 2025); *Hernandez-Sosa v. U.S. Dep't of Homeland Security*, No. 25-22776 (S.D. Fla. 2025); *Oliva-Serrano v. U.S. Dep't of Homeland Security*, No. 25-22857 (S.D. Fla. 2025); *Morejon v. Noem*, No. 25-cv-22879 (S.D. Fla. 2025); and *Llanes Acosta v. Noem*, No. 25-cv-22905 (S.D. Fla. 2025).

The first-filed Related Action—*Echazabal-Verdecia*—is a class action before Judge Jacqueline Becerra brought on behalf of a purported class of "(1) Cuban nationals; (2) who were applicants for admission; (3) and were detained before the issuance of a warrant while arriving in

the United States . . . ; and (4) subsequently released under INA § 236, 8 U.S.C. § 1226." First Am. Class Action Compl., *Echazabal-Verdecia*, No. 25-cv-22335 (S.D. Fla. July 11, 2025), ECF No. 5 ¶ 1. And in *Bello-Rubio*, Plaintiffs are described as "Cuban Nationals. . . who were apprehended [] while arriving in the United States by land between designated ports of arrival, and were thereafter released from custody after the direct commencement of removal proceedings under 8 U.S.C. § 1229a without documentation of their parole from custody." Class Action Pet. For Writ of Habeas Corpus and Compl. for Decl Injunctive Relief, ECF No. 1 at 38.

Here, Plaintiffs are described nearly identically as "Cuban nationals who were 'applicants for admission' at the time of their most recent physical arrival to the United States. They were each taken into Department of Homeland Security ("DHS") custody within 24 hours of their arrival, placed into removal proceeding pursuant to 8 U.S.C. § 1229a, and subsequently released upon the issuance of Orders of Release on Recognizance (Form I-220A)." [ECF No. 1] ¶ 3. The class plaintiffs in *Echazabal-Verdecia* also seek the same relief as Plaintiff here: an order compelling Defendants to provide them with humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). *Compare* First Am. Class Action Compl., *Echazabal-Verdecia*, No. 25-cv-22335 (S.D. Fla. July 11, 2025), ECF No. 5 at 35, *with* [ECF No. 1] at 18–19. Therefore, it appears that class certification in *Echazabal-Verdecia* would potentially moot Plaintiff's claims here as Plaintiff would be a member of the *Echazabal-Verdecia* class.

District courts have the power to decide how to best manage the cases before them. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And "as an incident to its power to control its own docket" a district court has "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted). Here, the Court finds good cause to stay proceedings pending resolution of a class certification motion in *Echazabal-Verdecia v. Noem*, No. 25-cv-22335 (S.D. Fla. 2025), or until the record reflects that *Echazabal-*

*Verdecia* is no longer proceeding as a class action, in order to conserve judicial resources and avoid the possibility of inconsistent results.[1]  Accordingly, the Court having reviewed the record and the Related Actions, it is hereby

**ORDERED and ADJUDGED** as follows:

1.  This case is **STAYED** pending resolution of a class certification motion in *Echazabal-Verdecia v. Noem*, No. 25-cv-22335 (S.D. Fla. 2025), or until the record reflects that *Echazabal-Verdecia* is no longer proceeding as a class action.

2.  The parties shall file joint status reports regarding ongoing proceedings in *Echazabal-Verdecia* **every sixty (60) days** beginning from the date of this Order.

3. This case shall be **administratively CLOSED**.  All pending deadlines are **TERMINATED** and any pending motions are **DENIED AS MOOT**.  Any party may move to reopen the case and restore the matter to the Court's active docket at the appropriate time, at which point the Court will provide further instruction regarding scheduling.

**DONE AND ORDERED** in Miami, Florida, this 14th day of November, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1]  *Oliva-Serrano*, *Fernandez-Ramos*, *Morejon*, *Hernandez-Sosa*, and *Llanes Acosta* have likewise been stayed pending class certification in *Echazabal-Verdecia*.  *See* Order Staying Case, *Oliva-Serrano*, No. 25-22857 (S.D. Fla. July 23, 2025), ECF No. 12; Order Staying Case, *Fernandez-Ramos*, No. 25-cv-22335 (S.D. Fla. July 28, 2025), ECF No. 19; Paperless Order, *Morejon*, No. 25-cv-22879 (S.D. Fla. July 28, 2025), ECF No. 11; Order Staying Case, *Hernandez-Sosa*, No. 25-22776 (S.D. Fla. Sep. 6, 2025), ECF No. 9; and Order Staying Case, *Llanes Acosta v. Noem*, No. 25-22905 (S.D. Fla. July 30, 2025), ECF No. 7.