**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-25268-RAR**

ARACHELY BADA PANDO, et al.,

Plaintiffs,

v.

KRISTI NOEM, et al.,

Defendants.
_______________________________________/

**PLAINTIFFS' MOTION TO TRANSFER THIS CASE**

The plaintiffs move to transfer this case to Judge Becerra, before whom four materially identical actions are pending and who has asked the parties in the lead action whether those actions should be consolidated. The plaintiffs do not ask the Court to lift the stay or to reopen the case. A stayed case may be transferred as readily as an active one, and whether the stay should continue is a question for the transferee Judge.

**Background**

On November 12, 2025, the plaintiffs filed their Class Action Complaint (D.E. 1) on behalf of a putative class of Cuban nationals who were applicants for admission under 8 U.S.C. § 1225 at the time of their most recent arrival, were detained and placed in removal proceedings under 8 U.S.C. § 1229a, and were released on a Form I-220A Order of Release on Recognizance rather than paroled under 8 U.S.C. § 1182(d)(5)(A). Id., ¶¶ 3, 55. They plead claims under the Administrative Procedure Act, the Accardi doctrine, and the Due Process Clause. Id., ¶¶ 64–76. The Civil Cover Sheet identified Bello-Rubio v. Noem, No. 25-cv-23665, as a related case. (D.E. 1-1.)

On November 15, 2025, the Court stayed this case sua sponte. Order Staying Case (D.E. 8). The Court identified Bello-Rubio and Echazabal-Verdecia by name, found the plaintiffs here "described nearly identically" to the plaintiffs in those actions, and concluded that class certification in Echazabal-Verdecia "would potentially moot Plaintiff's claims here." Id., at 1–2. It stayed this action pending that ruling and administratively closed the case. Id., at 3. The parties have filed status reports as directed. (D.E. 14, 16, 17, 18, 19.)

In the ten months since, four of the related actions have come to rest before a single judge.

1. Bello-Rubio. This Court transferred that action to Judge Becerra under Internal Operating Procedures 2.15.00 and 2.06.00 on August 21, 2025. Order of Transfer (D.E. 20), Bello-Rubio. Judge Becerra has since denied a motion to stay after hearing, received full briefing on class certification, denied the government's motion to dismiss after oral argument, ordered an amended complaint, and ordered supplemental briefing on class certification and on a motion for an All-Writs Act injunction. (D.E. 24, 32, 45, 49, 64, 65, 66), Bello-Rubio.
2. Echazabal-Verdecia. The class certification motion on which the stay in this case was premised was filed February 4, 2026, fully briefed March 2, 2026, and supplemented July 31, 2026. (D.E. 19, 23, 27, 28), Echazabal-Verdecia. It remains pending. Argument on the motion to dismiss is set for October 8, 2026. (D.E. 33), Echazabal-Verdecia.
3. Morejon. Judge Williams stayed that action on the same premise on which this Court stayed this one, and likewise permitted any party to move to reopen. (D.E. 11), Morejon. The plaintiffs moved to reopen and transfer to Judge Becerra, the government

opposed, and Judge Williams granted the motion and transferred the case, which Judge Becerra accepted the same day. (D.E. 15, 17, 21, 22), Morejon (July 8, 2026).

4. Cabrera Mollinedo. Filed August 6, 2025, assigned to Judge Becerra, and stayed November 12, 2025. (D.E. 10), Cabrera Mollinedo.

Of the remaining actions this Court identified, two were closed without any ruling on the merits, Fernandez Ramos on November 20, 2025 and Oliva-Serrano on February 9, 2026, and two remain stayed before this Court, Hernandez Sosa and Llanes Acosta.

On September 11, 2026, Judge Becerra ordered the parties in Bello-Rubio to file a memorandum within seven days addressing "whether this matter should be consolidated with" Morejon, Echazabal-Verdecia, and Cabrera Mollinedo. Paperless Order (D.E. 67), Bello-Rubio. Two of those three are among the related actions this Court named when it stayed this case. (D.E. 8, at 1, 3 n. 1.) This action and Moreno-Garrido v. Mullin, No. 1:26-cv-24984-JTK, also prosecuted by the undersigned, are now the only related actions not before Judge Becerra.

**Reasons for Granting this Motion**

**I. The governing standard.**

Local Rule 3.8 and the Internal Operating Procedures exist to "conserv[e] judicial economy." Vallecillo v. Wall to Wall Residence Repairs, Inc., No. 08-22271-CIV, 2009 WL 837652, at *1 (S.D. Fla. Mar. 27, 2009). Because "Local Rule 3.8, IOP § 2.15.00(C), and § 1404 are discretionary," Enivert v. Progressive Select Ins. Co., No. 14CV80279RYSKAMPHOPK, 2014 WL 12461360, at *1 (S.D. Fla. Apr. 28, 2014), the question is whether transfer would "serv[e] judicial efficiency or the interests of justice." Enivert, 2014 WL 12461360, at *1.

Actions "can still qualify as similar or related even if the Plaintiff and many of the Defendants are not named in the [other] proceeding." Hakim-Daccach v. Gyptec, S.A., No. 17-

20495-CIV, 2018 WL 7287147, at *1 (S.D. Fla. Apr. 20, 2018). What matters is whether "legal rulings in one case . . . may impact or help inform the controversies presented in the other case." Philadelphia Indem. Ins. Co. v. Fla. Mem'l Univ., No. 17-21133-CIV, 2018 WL 1881241, at *1 (S.D. Fla. Mar. 30, 2018).

**II. This Court has already made the findings the standard requires.**

In staying this action, the Court determined that the plaintiffs here are "described nearly identically" to the plaintiffs in Bello-Rubio and Echazabal-Verdecia, and that a ruling on class certification in Echazabal-Verdecia could dispose of the claims in this case entirely. Order Staying Case, at 1–2 (D.E. 8). A finding that one action may moot another is a finding of overlap well beyond what Hakim-Daccach and Philadelphia Indemnity require.

The Court has also already applied the Internal Operating Procedures to this family of cases. When Bello-Rubio was assigned to this Court, the Court transferred it to Judge Becerra, who accepted. Order of Transfer (D.E. 20), Bello-Rubio. This case is the higher-numbered action as to Bello-Rubio, No. 25-cv-23665, Echazabal-Verdecia, No. 25-cv-22335, Cabrera Mollinedo, No. 25-cv-23515, and Morejon, No. 25-cv-22879. Internal Operating Procedure 2.15.00 accordingly directs that "the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action." See also S.D. Fla. Internal Operating Procedure 2.06.00.

Transfer under these procedures is not automatic. Internal Operating Procedure 2.06.00 provides that the transferor Judge may order transfer only with the consent of the transferee Judge. The proposed order submitted with this Motion is structured accordingly and provides a signature line by which Judge Becerra may accept the transfer. She has accepted the transfer of a related action twice, from this Court in Bello-Rubio and from Judge Williams in Morejon.

**III. Morejon is directly on point.**

Judge Williams stayed Morejon on the same premise on which this Court stayed this action. (D.E. 11), Morejon. When the plaintiffs there sought transfer to Judge Becerra, the government opposed, and Judge Williams granted the motion and transferred the case anyway. (D.E. 21, 22), Morejon (July 8, 2026). The same course is appropriate here, and the defendants do not oppose it.

**IV. Transfer avoids duplicated judicial labor.**

Judge Becerra has expended substantially more judicial resources on the questions common to these actions than any other judge of this District. She has ruled on a motion to stay, a motion to dismiss, and a motion to amend in Bello-Rubio; she has fully briefed class certification motions in both Bello-Rubio and Echazabal-Verdecia, with supplemental briefing she ordered in each; she has an All-Writs Act motion under advisement; and she has argument set for October 8, 2026 in Echazabal-Verdecia. Requiring a second judge to master the same statutory framework, the same agency practice, and the same Eleventh Circuit authority would entail precisely "the unnecessary duplication of judicial labor" that Internal Operating Procedure 2.15.00 exists to prevent.

**V. Enivert does not counsel otherwise.**

The plaintiffs acknowledge that the court in Enivert exercised its discretion to deny transfer. It did so on facts far removed from these. The two actions there involved different insurance company defendants with separate claims-handling procedures and isolated sets of proprietary information, and the court observed that any time-saving rationale had been mooted because deciding the motion had already required it to familiarize itself with the statute at issue. Here the defendants are the same federal officials represented by the same office, the governing

statutes are identical, and Judge Becerra has not merely familiarized herself with the questions presented but has decided several of them.

**VI. Transfer does not disturb the stay, and the questions the stay raises belong to the transferee Judge.**

This Court stayed this action to await a ruling on class certification in Echazabal-Verdecia. That motion has been pending before Judge Becerra since February 4, 2026 and has not been resolved. The plaintiffs do not ask this Court to lift the stay, to reopen the case, or to revisit the premise on which the stay was entered. Transfer leaves the stay undisturbed and in force until the transferee Judge determines otherwise.

That this case is stayed is no obstacle. Judge Williams transferred Morejon to Judge Becerra while that action was stayed on the same premise on which this action was stayed, and Judge Becerra accepted it the same day. (D.E. 21, 22), Morejon. Cabrera Mollinedo has been stayed since November 12, 2025 and is pending before Judge Becerra now. (D.E. 10), Cabrera Mollinedo. A stay does not withdraw an action from the operation of Internal Operating Procedure 2.15.00, and a stayed case may be transferred as readily as an active one.

That allocation is the sensible one. Whether this case should remain stayed, be reopened, or be consolidated with the actions already before Judge Becerra are all questions that turn on how she resolves the Echazabal-Verdecia class certification motion and on how she decides to structure these related actions. Each of those questions is better answered by the judge who will decide them than by this Court in advance.

**VII. Transfer is timely because Judge Becerra is deciding the structure of this litigation now.**

Judge Becerra has asked whether the four actions before her should proceed as one. That inquiry is not hypothetical. It is the subject of an order directing the parties to brief the question within seven days. Paperless Order (D.E. 67), Bello-Rubio. A case that is not before her when she settles that structure will be structured around, and these plaintiffs will be left to seek admission to a consolidated proceeding organized without them. Waiting would also guarantee two rounds of motion practice where one will do.

Transfer is in any event the necessary first step. Rule 42(a) permits consolidation only of actions "before the court," so no judge of this District can consolidate this action with the actions before Judge Becerra while it remains on a different docket. The plaintiffs therefore seek reassignment alone and leave consolidation to the transferee Judge, who has already raised it.

**VIII. The defendants will not be prejudiced.**

No responsive pleading has been filed, no scheduling order has been entered, and no discovery has occurred. The defendants are represented in this action, in Bello-Rubio, in Echazabal-Verdecia, and in Moreno-Garrido by the same United States Attorney's Office. Transfer would reduce, not increase, the burden on the defendants. In any event, the assignment of cases within this District rests with the Court.

The plaintiffs accordingly request that the Court transfer this case to Judge Becerra. A proposed order is submitted herewith.

## Certificate of Conferral

The undersigned conferred with counsel for the defendants by electronic mail on September 16, 2026. Assistant United States Attorney Zakarij N. Laux advised that the defendants "take no position and leave it to the discretion of the Court" as to the relief requested.

Respectfully submitted,

Dated: September 17, 2026

s/ Arno J. Lemus
Arno J. Lemus, III
Fla. Bar No. 0103075
Lemus Law Group, LLC
1024 NW 102 Place
Miami, FL 33172
o. 786.583.3311
arno@lemus.org

Counsel for Plaintiffs

## Certificate of Service

I certify that on September 17, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record, and that a copy of the proposed order was transmitted in Microsoft Word format to ruiz@flsd.uscourts.gov with a copy to all counsel of record.

s/ Arno J. Lemus
Arno J. Lemus, III